## Tobalski v. Welliver

*John P. Campana*, for plaintiff.

*Furst, McCormick, Muir, Lynn & Reeder*, for defendants.

WILLIAMS, P. J., February 26, 1959.—Plaintiff has in equity sued Harvey R. Welliver and Jenny M. Wel-

liver, husband and wife, alleging that on February 25, 1957, Harvey R. Welliver was indebted to plaintiff in the amount of $3,667.40, and that on that date both Welliver and his wife were owners by the entireties of land in Jordan Township, Lycoming County, and on the same date Harvey R. Welliver transferred all of his interest in said land to his wife, Jennie M. Welliver. The complaint alleges that on February 28, the said real estate action was recorded in Lycoming County and that by reason of such transfer Harvey R. Welliver was rendered insolvent. Plaintiff alleges in the complaint that the only consideration shown in the deed was "love and affection," and that the transfer was fraudulent as to plaintiff. Plaintiff asked the court to set aside the transfer and to declare ownership of the land in both defendants, and also asked the court to enjoin Harvey R. Welliver from again disposing of his interest without a fair consideration.

Defendants have demurred to this complaint alleging in the preliminary objections that the complaint fails to state a cause of action in that it does not allege any facts which constitute the conveyance fraudulent and for the further reason that paragraph 9 of the complaint which alleges that the transfer by Harry R. Welliver was fraudulent as to plaintiff, has no significance since it merely states a conclusion of law.

According to the pleadings the property was held as tenants by the entireties. This being so defendants could convey out their rights even though one of them did owe money. Where a tenancy by the entireties exists, the law is not concerned with the motive which prompts its exercise: C. I. T. Corporation v. Flint, 333 Pa. 350.

And now, February 26, 1959, it is ordered and decreed that the bill be dismissed, the prothonotary to give notice of this decree and if no exceptions are filed within 20 days of such notice, this decree shall be final.